UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS REYES VALLEJO,<br><br>           Petitioner,<br><br>  v.<br><br>MICHAEL L. BENOV,<br><br>           Respondent. | 1:13-cv-00382-AWI-BAM-HC<br><br>ORDER DISMISSING THE PETITION WITH LEAVE TO FILE AN AMENDED PETITION NO LATER THAN THIRTY (30) DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (Doc. 1)<br><br>**DUE DATE FOR FILING THE FIRST AMENDED PETITION:**<br>**THIRTY (30) DAYS**<br><br>ORDER DIRECTING THE CLERK TO SEND PETITIONER A BLANK PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241 |

    Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.  The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 and 304.  Pending before the Court is the petition, which was filed on March 15, 2013.

    I.   Screening the Petition

    The Rules Governing Section 2254 Cases in the United States District Courts (Habeas Rules) are appropriately applied to

1

1  proceedings undertaken pursuant to 28 U.S.C. § 2241.  Habeas Rule
2  1(b).  Habeas Rule 4 requires the Court to make a preliminary
3  review of each petition for writ of habeas corpus.  The Court
4  must summarily dismiss a petition "[i]f it plainly appears from
5  the petition and any attached exhibits that the petitioner is not
6  entitled to relief in the district court...."  Habeas Rule 4;
7  O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990); see also
8  Hendricks v. Vasquez, 908 F.2d 490 (9th Cir. 1990).  Habeas Rule
9  2(c) requires that a petition 1) specify all grounds of relief
10 available to the Petitioner; 2) state the facts supporting each
11 ground; and 3) state the relief requested.  Notice pleading is
12 not sufficient; rather, the petition must state facts that point
13 to a real possibility of constitutional error.  Rule 4, Advisory
14 Committee Notes, 1976 Adoption; O'Bremski v. Maass, 915 F.2d at
15 420 (quoting Blackledge v. Allison, 431 U.S. 63, 75 n. 7 (1977)).
16 Allegations in a petition that are vague, conclusory, or palpably
17 incredible are subject to summary dismissal.  Hendricks v.
18 Vasquez, 908 F.2d at 491.
19      Further, the Court may dismiss a petition for writ of habeas
20 corpus either on its own motion under Habeas Rule 4, pursuant to
21 the respondent's motion to dismiss, or after an answer to the
22 petition has been filed.  Advisory Committee Notes to Habeas Rule
23 8, 1976 Adoption; see, Herbst v. Cook, 260 F.3d 1039, 1042-43
24 (9th Cir. 2001).
25      A petition for habeas corpus should not be dismissed without
26 leave to amend unless it appears that no tenable claim for relief
27 can be pleaded were such leave granted.  Jarvis v. Nelson, 440
28 F.2d 13, 14 (9th Cir. 1971).

2

Here, Petitioner, an inmate of the Taft Correctional Institution (TCI) at Taft, California, alleges that his right to due process of law was violated because a disciplinary hearing officer lacked the authority to conduct a prison disciplinary hearing and make findings resulting in punishment, including disallowance of good time credits. Petitioner also alleges that his right to due process was violated because the hearing officer was biased due to his status as an employee of the privately run prison with an economic interest in prolonging the duration of Petitioner's confinement. Petitioner refers to a hearing officer named Mr. Bernal, who was a unit manager where Petitioner was housed (pet., doc 1, 4), and Petitioner mentions an administrative appeal which was denied on January 4, 2010, and a second administrative appeal that was denied on October 6, 2010 (id. at 3). However, Petitioner fails to allege any specific facts that would serve to identify the particular disciplinary charge and proceeding and the disciplinary sanction imposed. Petitioner has neglected to set forth the supporting facts for his claim or claims and thus has not alleged facts entitling him to relief.

II.  Failure to State a Cognizable Claim

Relief by way of a writ of habeas corpus extends to a prisoner in custody under the authority of the United States who shows that the custody violates the Constitution, laws, or treaties of the United States. 28 U.S.C. § 2241(c)(3). Although a federal prisoner who challenges the validity or constitutionality of his conviction must file a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2255, a federal prisoner

3

challenging the manner, location, or conditions of the execution of a sentence must bring a petition for writ of habeas corpus under 28 U.S.C. § 2241.  Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000).

Because Petitioner has not identified the disciplinary proceeding in question and has not provided any specific facts concerning any sanctions, such as the loss of time credits, actually suffered by Petitioner, it is not clear that any action of the prison disciplinary authorities was contrary to federal law or actually affected the execution of Petitioner's sentence.

Accordingly, it is unclear whether Petitioner has stated a claim that would entitle him to habeas corpus relief.

A petition for writ of habeas corpus should not be dismissed without leave to amend unless it appears that no tenable claim for relief can be pleaded were such leave granted.  Jarvis v. Nelson, 440 F.2d 13, 14 (9th Cir. 1971).

Here, it is possible that Petitioner could state specific facts that point to a real possibility of constitutional error with respect to a specific disciplinary finding made concerning Petitioner and a resulting sanction, such as a loss of time credits.

Accordingly, Petitioner will be given an opportunity to state specific facts in an amended petition.

III.   Amendment of the Petition

The instant petition must be dismissed for the reasons stated above.  Petitioner will be given an opportunity to file a first amended petition to cure the deficiencies.  Petitioner is advised that failure to file a petition in compliance with this

4

order (i.e., a completed petition with cognizable federal claims clearly stated and with exhaustion of administrative remedies clearly stated) within the allotted time will result in a recommendation that the petition be dismissed and the action be terminated. Petitioner is advised that the amended petition should be entitled, "First Amended Petition," and it must refer to the case number in this action. Further, Petitioner is informed that Local Rule 220 provides that unless prior approval to the contrary is obtained from the Court, every pleading as to which an amendment or supplement is permitted shall be retyped or rewritten and filed so that it is complete in itself without reference to the prior or superseded pleading.

IV. Disposition

Accordingly, it is ORDERED that:

1) The petition for writ of habeas corpus is DISMISSED with leave to amend; and

2) Petitioner is GRANTED thirty (30) days from the date of service of this order to file a first amended petition in compliance with this order; and

3) The Clerk of the Court is DIRECTED to send Petitioner a form petition pursuant to 28 U.S.C. § 2241.

IT IS SO ORDERED.

Dated: **May 9, 2013**       **/s/ Barbara A. McAuliffe**
UNITED STATES MAGISTRATE JUDGE

5