UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NICOLAS REYES VALLEJO,<br><br>           Petitioner,<br><br>     v.<br><br>MICHAEL L. BENOV,<br><br>           Respondent. | Case No. 1:13-cv-00382-AWI-BAM-HC<br><br>FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS THE FIRST AMENDED PETITION AS MOOT (DOC. 16)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS THE FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS AS MOOT (DOC. 8) AND DIRECT THE CLERK TO CLOSE THE CASE<br><br>OBJECTIONS DEADLINE:<br>THIRTY (30) DAYS |

Petitioner is a federal prisoner proceeding pro se and in forma pauperis with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1) and Local Rules 302 through 304. Pending before the Court is the Respondent's motion to dismiss the first amended petition (FAP) as moot, which was served and filed on April 2, 2014. Although the thirty-day period for filing opposition to the motion has passed, no opposition has been filed.

///

1

I. <u>Background</u>

On May 22, 2013, Petitioner filed the FAP, in which Petitioner, an inmate of the Taft Correctional Institution (TCI), challenges the disallowance of twenty-seven days of good time credit that Petitioner suffered as a result of prison disciplinary findings, made at TCI on or about January 21, 2010. It was found that in January 2010, he attempted to introduce contraband into the prison and placed an abusive telephone call in order to avoid detection. (FAP, doc. 8 at 3, 10-13.) Petitioner challenges the loss of credit and seeks invalidation of the sanction, raising the following claims in the FAP: 1) because the hearing officer was not an employee of the Federal Bureau of Prisons (BOP) and thus lacked the authority to conduct the disciplinary hearing and make findings resulting in punishment, including disallowance of good time credit, Petitioner suffered a violation of his right to due process of law; and 2) because the hearing officer was not an employee of the BOP but rather was an employee of a private entity with a financial interest in the disallowance of good time credits, Petitioner's due process right to an independent and impartial decision maker at the disciplinary hearing was violated. (<u>Id.</u> at 3-7.)

A declaration of a senior attorney of the Federal Bureau of Prisons (BOP) that was submitted in support of the motion to dismiss shows that Petitioner was released from federal custody on March 26, 2014, pursuant to a foreign treaty transfer. (Doc. 16-1 at 2, 4.)

II. <u>Mootness</u>

Federal courts lack jurisdiction to decide cases that are moot because the courts' constitutional authority extends to only actual cases or controversies. <u>Iron Arrow Honor Society v. Heckler</u>, 464

U.S. 67, 70-71 (1983). Article III requires a case or controversy in which a litigant has a personal stake in the outcome of the suit throughout all stages of federal judicial proceedings and has suffered some actual injury that can be redressed by a favorable judicial decision. Id. A petition for writ of habeas corpus becomes moot when it no longer presents a case or controversy under Article III, § 2 of the Constitution. Wilson v. Terhune, 319 F.3d 477, 479 (9th Cir. 2003). A petition for writ of habeas corpus is moot where a petitioner's claim for relief cannot be redressed by a favorable decision of the court issuing a writ of habeas corpus. Burnett v. Lampert, 432 F.3d 996, 1000-01 (9th Cir. 2005) (quoting Spencer v. Kemna, 523 U.S. 1, 7 (1998)). Mootness is jurisdictional. See, Cole v. Oroville Union High School District, 228 F.3d 1092, 1098-99 (9th Cir. 2000). Thus, a moot petition must be dismissed because nothing remains before the Court to be remedied. Spencer v. Kemna, 523 U.S. 1, 18. A federal court has a duty to consider mootness on its own motion. Demery v. Arpaio, 378 F.3d 1020, 1025 (9th Cir. 2004).

In Nonnette v. Small, 316 F.3d 872, 875-76 (9th Cir. 2002), the court considered whether the remedy of habeas corpus was available to a state prisoner who was proceeding pursuant to § 1983 in challenging a loss of good time credit but who had been released on parole. The court determined that the any attempt to seek habeas corpus was rendered moot, setting forth the following explanation:

> After the district court entered its decision, Nonnette was released from the incarceration of which he complains, and is now on parole. Were he to seek a writ of habeas corpus, his petition would present no case or controversy because establishing the invalidity of his disciplinary proceeding could have no effect on the 360 days of additional incarceration or the 100 days of administrative

3

segregation that resulted from it. Nor could such relief have any effect on the term of his parole.FN4 As a consequence, his petition for habeas corpus would have to be dismissed as moot. *See Spencer v. Kemna*, 523 U.S. 1, 118 S.Ct. 978, 140 L.Ed.2d 43 (1998). In *Spencer*, the Supreme Court held that, although a prisoner who has completed his sentence can challenge his conviction in habeas corpus because of the collateral consequences that survive his release, no such collateral consequences attended the prisoner's incarceration imposed for violation of parole. *Id.* at 14-16, 118 S.Ct. 978. Accordingly, the prisoner's petition was moot because he had served the term of incarceration resulting from his parole revocation. *See id.* at 18, 118 S.Ct. 978.

> FN4 The State does not contend that the length of Nonnette's parole term would be affected by invalidation of his disciplinary proceeding or by administrative recalculation of his date of release from incarceration. It argues only that Nonnette is still "in custody" while on parole, and thus qualifies for habeas relief. The relevant bar to habeas relief, however, is not the "in custody" requirement, but the "case or controversy" requirement, which would render Nonnette's claims moot if they were brought in a habeas corpus proceeding. *See Spencer*, 523 U.S. at 7, 118 S.Ct. 978.

We see no relevant distinction between the collateral consequences attending parole revocation and those attending Nonnette's deprivation of good-time credits. We are satisfied, therefore, that if he now filed a petition for habeas corpus attacking the revocation of his good-time credits and the imposition of administrative segregation (as well as the administrative calculation of his release date), his petition would have to be dismissed for lack of a case or controversy because he has fully served the period of incarceration that he is attacking.

Nonnette v. Small, 316 F.3d at 875-76.

The reasoning of Nonnette v. Small has been applied to dismiss as moot a habeas corpus petition by brought a state prisoner seeking restoration of time credit lost in an allegedly unconstitutional prison disciplinary proceeding where the petitioner had served the

4

extra time and had been released to serve a term of community supervision.  Johnson v. Swarthout, no. 11-cv-2715-GEB-CKD-P, 2013 WL 2150333, *1-*3 (E.D.Cal. May 16, 2013) (unpublished).  The court found no significant distinction between the parole term involved in Nonnette and the community supervision term involved in Johnson, noting that neither parole nor community supervision are equivalent to actual incarceration, but rather are mandatory periods to be served following release.  Further, community supervision of the Petitioner was by an entity separate from the prison administration.  The court concluded that the petitioner had failed to allege collateral consequences flowing from the prison disciplinary conviction and accompanying loss of conduct credits at issue, and that it appeared that a favorable judicial decision would not afford the petitioner relief from the alleged injury because he had already served the time in question.  Id.  The court concluded that Nonnette was controlling.

Respondent correctly notes that there is no presumption of collateral consequences following from prison disciplinary proceedings.  Wilson v. Terhune, 319 F.3d 477, 482 (9th Cir. 2003)).  Respondent contends that any issue with respect to the application or loss of good conduct time does not survive a prisoner's release from incarceration because no further relief may be granted; thus, there is no "live" issue for the court to decide, and the petition is therefore moot.

In response to Respondent's motion, Petitioner did not file any submissions or briefing.  Petitioner has not shown or even suggested how any order from this Court with respect to Petitioner's disciplinary proceeding would have any effect on the duration of any

5

federal custody or otherwise grant him relief.

Here, it is no longer possible for this Court to issue a decision redressing the injury.  Petitioner has not asserted any factual or legal basis that would preclude a finding of mootness.  The Court thus concludes that the matter is moot because the Court may no longer grant any effective relief.  See, Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991) (holding that a habeas claim was moot where a former inmate sought placement in a community treatment center but was subsequently released on parole and no longer sought such a transfer); Kittel v. Thomas, 620 F.3d 949 (9th Cir. 2010) (dismissing as moot a petition seeking early release where the petitioner was released and where there was no live, justiciable question on which the parties disagreed).

Therefore, it will be recommended that the petition be dismissed as moot.

III.   Recommendations

Accordingly, it is RECOMMENDED that:

1)  Respondent's motion to dismiss the first amended petition be GRANTED; and

2) The first amended petition for writ of habeas corpus be DISMISSED as moot; and

3) The Clerk be DIRECTED to close the action.

These findings and recommendations are submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty (30) days after being served with a copy, any party may file written objections with the Court

and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Replies to the objections shall be served and filed within fourteen (14) days (plus three (3) days if served by mail) after service of the objections.  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636(b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 3, 2014**                              /s/ *Barbara A. McAuliffe*
                                                  UNITED STATES MAGISTRATE JUDGE